UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFERY WILLIAMS,

                      Plaintiff,

-against-

MSJ786 GROUP LLC d/b/a TENDER CRUSH
and NADCO ASSOCIATES, LLC,

                      Defendants
------------------------------------------------------------x

Caso No.  1:25-cv-6427

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants MSJ786 Group LLC d/b/a Tender Crush and Nadco Associates, LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This lawsuit addresses Defendants' persistent and unlawful failure to make their place of public accommodation accessible to individuals with disabilities. Plaintiff seeks a judicial declaration, injunctive relief, monetary damages, and recovery of attorney's fees and costs to remedy Defendants' violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., as well as corresponding provisions of New York State and City law. As detailed below, Defendants own, lease, and operate a business open to the public that is not in compliance with the accessibility requirements set forth by federal, state, and local statutes. Defendants are legally responsible for the discriminatory barriers caused by their own conduct and that of their employees and agents.

2. Defendants chose to disregard their legal duty to ensure their business is accessible to people with disabilities, gambling on the hope that no one would hold them accountable. This case seeks to correct that misconduct by compelling Defendants to bring their premises into full compliance with the law and affording Plaintiff the same access that is

1

provided to all non-disabled patrons.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and under the federal question jurisdiction provisions of 28 U.S.C. §§ 1331 and 1343, as Plaintiff's claims arise under the Americans with Disabilities Act. The Court also has supplemental jurisdiction over Plaintiff's related claims brought under New York State and New York City laws, pursuant to 28 U.S.C. § 1367(a), because these claims are so related to the ADA claims that they form part of the same case or controversy.

4. Venue is appropriate in this District under 28 U.S.C. § 1391(b) because all of the discriminatory actions described in this Complaint took place within this District, and Defendants' place of public accommodation, which is the subject of this action, is situated within the boundaries of this District.

**PARTIES**

5. At all relevant times, Plaintiff has been a resident of New York County, New York. As a result of a gunshot injury sustained at the age of thirteen, Plaintiff is paralyzed from the waist down and requires a wheelchair for mobility. This injury has caused permanent medical conditions that severely limit his ability to walk and restrict his range of body movement.

6. Defendants own, lease, and/or operate the commercial property located at or around 529 Broome Street, New York, NY 10013 ("the Premises"). Both Defendants are authorized to conduct business in the State of New York and, during all relevant times, have been responsible for operating a place of public accommodation at that location.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

7. The Defendants qualify as public accommodations under the Americans with Disabilities Act, 42 U.S.C. § 12181, as well as under the New York State Executive Law and the New York City Administrative Code, because they own, lease, control, or operate the Premises, which is open to the general public.

8. The Premises, operated by Defendants, is a facility whose operations affect commerce and is, therefore, a place of public accommodation as defined by federal, state, and city laws, including 42 U.S.C. § 12181, 28 C.F.R. § 36.104, Executive Law § 292(9), and Administrative Code § 8-102(9).

9. Multiple architectural barriers exist throughout the Premises that either obstruct or completely prevent access for Plaintiff, who is a person with a disability.

10. Upon information and belief, the Premises was designed and built for first occupancy after January 26, 1993. Additionally, alterations have been made to the Premises and adjacent areas at some point after January 1992. These modifications triggered obligations under accessibility laws, but Defendants failed to ensure compliance.

11. Plaintiff frequently navigates New York City and regularly visits the neighborhood where the Premises is located. Although confined to a wheelchair, Plaintiff has access to an adapted vehicle equipped with hand controls, which allows him to travel independently throughout the city.

12. Plaintiff often visits this area for family gatherings, dining out, shopping, and social activities—just like any other resident of New York City.

13. On July 22, 2025, Plaintiff attempted to visit Defendants' establishment with the intention of trying their specialty crispy chicken offerings, particularly the Old School NY

Crush Sandwich. However, Plaintiff was unable to enter the Premises due to an inaccessible entrance step, compounded by the absence of any system to contact staff for assistance. The physical barrier caused Plaintiff to feel humiliated and excluded.

14. Despite this discriminatory encounter, Plaintiff still wishes to visit the Premises in the future once it is brought into compliance. The Premises is located less than an hour from Plaintiff's residence.

15. The facilities, services, and features at Defendants' establishment do not meet the accessibility standards set forth by the 1991 ADA Standards for Accessible Design or the 2010 ADA Standards. Nor do they comply with the New York City Administrative Code's accessibility mandates.

16. Defendants' failure to comply with these legal requirements has denied Plaintiff safe, equal, and full access to the Premises. The Premises has not been designed, built, or modified to meet the accessibility requirements outlined in the ADA, the Administrative Code, the Building Code of the City of New York, or the 2014 NYC Construction Code.

17. Barriers encountered by Plaintiff, and those which deter him from returning, include but are not limited to:

18. An inaccessible entrance where an accessible route has not been provided as required. The step at the main entry lacks a ramp, and there is no alternative means of egress that complies with accessibility standards.

19. The interior dining area contains tables that fail to provide the required knee and toe clearance, with no accessible seating options in compliance with accessibility requirements.

20. The service counter exceeds the allowable maximum height for accessible use,

lacking any lowered section where Plaintiff could comfortably interact with staff.

21. These examples are not an exhaustive list of all existing barriers. Plaintiff believes a comprehensive inspection of the Premises will uncover additional violations of federal, state, and city accessibility requirements.

22. In order to fully resolve the discriminatory conditions and avoid fragmented litigation, Plaintiff must conduct a full inspection of the Premises and reserves the right to amend this Complaint to include any additional violations identified during that inspection.

23. Defendants have denied Plaintiff equal participation in and benefit from their goods, services, and facilities based on his disability. They have failed to implement policies or practices to accommodate individuals with disabilities and have not provided reasonable modifications where required.

24. Plaintiff faces a real and ongoing threat of continued discrimination from Defendants' non-compliant premises. The existing barriers deter Plaintiff from accessing the Premises, yet Plaintiff frequently visits the neighborhood where it is located.

25. Once the barriers are removed, Plaintiff fully intends to visit Defendants' establishment to enjoy the unique offerings he was previously denied.

## FIRST CAUSE OF ACTION

**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

26. Plaintiff repeats and reasserts each and every allegation contained in this Complaint as if fully set forth herein.

27. Due to his spinal injury, Plaintiff is substantially limited in major life activities, specifically walking and overall body movement. As a result, Plaintiff qualifies as an individual with a disability under the ADA and relies on a wheelchair for mobility.

28. The ADA imposes joint and several liability on both property owners and tenants who operate public accommodations. Both Defendants are responsible for compliance and cannot shift their legal obligations onto one another through private contracts such as leases. See 28 C.F.R. § 36.201(b).

29. Defendants have subjected Plaintiff to unequal treatment by denying him the same full and equal access to their establishment that is afforded to non-disabled patrons. Their policies and operational practices continue to disproportionately harm Plaintiff and others with disabilities.

30. By failing to comply with federal accessibility standards, Defendants have communicated—explicitly and implicitly—that individuals with disabilities, like Plaintiff, are unwelcome and undesired customers.

31. Defendants designed, constructed, or altered the Premises in ways that fail to meet the requirements of the 1991 ADA Standards or the 2010 ADA Standards, thereby discriminating against Plaintiff by maintaining a facility that is not readily accessible and usable. This conduct violates 42 U.S.C. § 12183(a)(1) and 28 C.F.R. § 36.401(a)(1).

32. The Premises lacks accessible routes and does not provide an integrated or equal setting for individuals with disabilities, in violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

33. After making alterations to the Premises, Defendants failed to ensure that the modified areas were accessible to individuals with disabilities to the maximum extent feasible, violating 28 C.F.R. §§ 36.402 and 36.406.

34. Defendants also failed to ensure that paths of travel to primary function areas, as well as restrooms and other spaces serving the altered areas, were accessible as required by 28 C.F.R. § 36.403.

35. 28 C.F.R. § 36.406 mandates that when alterations are undertaken, all applicable elements and spaces must be brought into compliance with the 2010 ADA Standards. Defendants have not fulfilled this obligation.

36. Furthermore, Defendants have not undertaken readily achievable barrier removal to eliminate accessibility obstacles as required under 28 C.F.R. § 36.304. Making the Premises fully accessible is readily achievable and does not impose an undue burden on Defendants.

37. By choosing not to remove barriers that could be eliminated without difficulty or expense, Defendants have discriminated against Plaintiff, violating 42 U.S.C. § 12182(a) and (b)(2)(A)(iv), as well as 28 C.F.R. § 36.304.

38. Alternatively, Defendants have failed to provide reasonable methods, alternatives, or accommodations in lieu of physical barrier removal, as mandated by 28 C.F.R. § 36.305.

39. Defendants' refusal to address these barriers is part of a pattern of conduct that reflects a practice of disability discrimination, in violation of 42 U.S.C. § 12181 et seq., and 28 C.F.R. § 36.101 et seq.

40. Defendants continue to discriminate against Plaintiff by maintaining an establishment that remains inaccessible, in direct violation of the ADA.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

41. Plaintiff restates and incorporates all prior allegations in this Complaint as though fully set forth herein.

42. Plaintiff's spinal injury and resulting medical conditions substantially impair his ability to walk and limit his range of motion, placing him within the definition of a person

with a disability under New York State Executive Law § 296(21).

43. Defendants have subjected Plaintiff to discriminatory treatment by denying him the equal opportunity to access and utilize their place of public accommodation solely because of his disability.

44. By maintaining and creating architectural barriers that render the Premises inaccessible, Defendants have violated New York State Executive Law § 296(2). Each Defendant has further aided and abetted in the perpetuation of this discrimination.

45. Defendants have also violated Executive Law § 296(2)(c)(iii) by failing to carry out readily achievable modifications and accommodations to remove accessibility barriers.

46. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to physical barrier removal, as required by Executive Law § 296(2)(c)(iv).

47. It is readily achievable for Defendants to bring the Premises into compliance with applicable accessibility standards without undue difficulty or expense.

48. Eliminating the barriers that prevent Plaintiff's access would not impose any undue hardship on Defendants.

49. As a direct and foreseeable result of Defendants' ongoing discrimination, Plaintiff has suffered emotional harm, including humiliation, embarrassment, stress, and anxiety.

50. Plaintiff continues to endure these damages, which will be determined at trial.

**THIRD CAUSE OF ACTION**

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

51. Plaintiff repeats and realleges every prior allegation in this Complaint as though fully set forth herein.

52. As a result of his medical condition, Plaintiff is substantially limited in his ability to walk and in his range of body motion. These impairments qualify as disabilities under the Administrative Code of the City of New York § 8-102(16).

53. The Local Civil Rights Restoration Act of 2005 ("Restoration Act"), also known as Local Law 85, was enacted to ensure that the New York City Human Rights Law is interpreted independently and more broadly than federal or state anti-discrimination laws. The Restoration Act directs that provisions of the Administrative Code are to be construed liberally to fulfill their broad remedial purposes, regardless of how similar federal or state laws may be interpreted.

54. Defendants have discriminated against Plaintiff, both directly and indirectly, by refusing, withholding, and denying the full use and enjoyment of their public accommodation based on Plaintiff's disability, in violation of Administrative Code § 8-107(4). Each Defendant has also aided and abetted the discriminatory conduct described herein.

55. Defendants designed, constructed, and/or maintained an inaccessible facility that violates Administrative Code § 8-107(4) and Local Law 58, thus discriminating against Plaintiff and other individuals with disabilities.

56. Defendants continue to deny Plaintiff the accommodations, benefits, and privileges of their commercial establishment, engaging in disparate treatment and impact discrimination in violation of Administrative Code § 8-107(4).

57. As a consequence of Defendants' discriminatory actions, Plaintiff has suffered and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

58. Upon information and belief, Defendants' ongoing refusal to remove barriers and make their establishment accessible has been intentional, willful, and undertaken with

reckless disregard of Plaintiff's rights under the Administrative Code.

59. Defendants' failure to comply with long-standing accessibility requirements sends a clear message to Plaintiff and others with disabilities that they are not valued or welcome as patrons.

60. Defendants' actions and omissions constitute willful or wanton negligence, recklessness, or a conscious disregard of the rights of individuals with disabilities. As a result, Plaintiff is entitled to punitive damages pursuant to Administrative Code § 8-502.

61. By choosing to operate a non-compliant establishment, Defendants have unlawfully profited from their discriminatory conduct, collecting revenue while evading the costs of accessibility compliance. Defendants must disgorge these ill-gotten profits, along with interest.

62. Plaintiff has suffered damages as a result of Defendants' conduct, and will continue to suffer damages, in an amount to be established at trial.

## FOURTH CAUSE OF ACTION

## (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

63. Plaintiff reaffirms and incorporates by reference each and every preceding allegation in this Complaint as if fully set forth herein.

64. By engaging in discriminatory practices prohibited under New York State Executive Law, Defendants have also violated New York State Civil Rights Law §§ 40-c and 40-d, which provide additional remedies for acts of discrimination.

65. As a direct result of Defendants' violations, Plaintiff is entitled to recover the statutory penalties prescribed under Civil Rights Law §§ 40-c and 40-d for each incident of discrimination described herein.

**INJUNCTIVE RELIEF**

66. Plaintiff will continue to be subjected to unlawful discrimination as long as Defendants fail to bring their premises and business practices into compliance with applicable disability access laws. Accordingly, injunctive relief is necessary to compel Defendants to make the required physical modifications to the Premises and to adopt policies, practices, and procedures that accommodate individuals with disabilities.

67. An injunction is also warranted to ensure Defendants take all steps needed to render their facilities readily accessible and usable by Plaintiff, as mandated by federal, state, and city laws.

68. Additionally, injunctive relief is required to obligate Defendants to provide auxiliary aids and services, to modify their discriminatory policies, and to implement alternative methods of compliance where necessary, as provided by the ADA, the Executive Law, and the Administrative Code.

**DECLARATORY RELIEF**

69. Plaintiff is entitled to a declaratory judgment that establishes the existence of each of the accessibility violations committed by Defendants, identifies the necessary alterations and modifications, and clarifies Plaintiff's legal rights concerning Defendants' premises, operations, and policies.

**ATTORNEY'S FEES, EXPENSES AND COSTS**

70. To enforce his rights and pursue this action, Plaintiff has retained legal counsel and is entitled to recover reasonable attorney's fees, litigation expenses, and court costs pursuant to the ADA, the Administrative Code, and relevant provisions of law, including 42 U.S.C. § 12205, 28 C.F.R. § 36.505, and Administrative Code § 8-502.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: August 5, 2025

    Manhasset, New York

          Respectfully submitted,

          **GABRIEL A. LEVY, P.C.**
          Attorney for Plaintiff
          1129 Northern Blvd, Suite 404
          Manhasset, NY 11030
          (347) 941-4715

          **By:** /s/ Gabriel A. Levy, Esq.
          **GABRIEL A. LEVY, ESQ (5488655)**
          Glevy@glpcfirm.com